■ STATE OF NEW YORK, Respondent, v HERMAN SALAMANOVITZ et al., Appellants.—Order, Supreme Court, New York County, entered April 18, 1979, granting plaintiff's motion pursuant to CPLR 6201 for an order of attachment against the property of the defendants, unanimously modified, on the law, to the extent of remanding the matter for a hearing to determine the appropriate amount of the attachment and whether there is a sufficiency of evidence to sustain the attachment as to defendant Margaret Salamanovitz with the provision that the second decretal paragraph of the order appealed from which directs that the proceeds of the sale of the co-op be held in escrow shall continue pending determination of this matter, and, as so modified, affirmed, without costs and disbursements. At issue is whether plaintiff has made a sufficient showing to justify the attachment of the property of the two defendants, husband and wife, who were each involved with the operation of the Peter Cooper Nursing Home. After the home (which became the subject of investigation to determine possible

Medicaid reimbursement fraud) ceased operation in 1974, the defendants emigrated to Israel. On the record herein, the plaintiff has made a sufficient demonstration warranting the conclusion that the attachment was properly obtained respecting defendant Herman Salamanovitz who was the sole owner of the home. Regarding his wife, defendant Margaret, the record is more nebulous. It is admitted that she was an administrator of the home and that she performed bookkeeping services. On this basis it is alleged that she knew of the fraud. A conclusory assertion by defense counsel that she was employed in a purely ministerial capacity at the home conflicts with the inferences arising from the above admissions. Accordingly, we conclude that sufficient is shown to warrant a hearing to determine Margaret's actual involvement. Further, the amount of the attachment herein may be excessive, although otherwise proper. With respect to defendants' argument that it was improper for Special Term to make an *in camera* inspection of Grand Jury minutes in connection with the motion for an attachment, the record demonstrates that the court merely took judicial notice of an indictment having been issued against the defendants. Concur—Kupferman, J. P., Sandler, Sullivan, Lane and Lupiano, JJ.